MERRITT GOODSPEED v. J. N. MILLER.[1]

July 13, 1906.

Nos. 14,718—(119).

**Broker's Commission—Separable Contract.**

> The evidence in this case is conclusive that the contract by which appellant agreed to pay respondent a commission of one dollar per acre for procuring contemplated exchanges of real estate for other property was not an entire, but a separable, contract. The respondent was entitled to his commission upon effecting one of the contemplated trades, and the court did not err in so instructing the jury.

Action in the district court for Watonwan county to recover $800 upon a promissory note. The case was tried before Lorin Cray, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*J. L. Lobben* and *W. S. Hammond,* for appellant
*Bryan & Coffman,* for respondent.

LEWIS, J.

Action on promissory note of $800. Defense, failure of consideration, upon the ground that respondent agreed to consummate a trade of certain land of appellant for a certain hotel property in New Ulm, Minnesota, belonging to one Schneider, and also to effect another trade of certain other land for a stock of merchandise belonging to a third party; that respondent falsely represented to appellant the value of the hotel property, and relying upon such fraudulent representations he executed and delivered the promissory note; that respondent wholly failed and neglected to carry out the other trade for the stock of merchandise. The court instructed the jury that there was no evidence to indicate that appellant was in any way damaged by reason of respondent's failure to complete the exchange of property for the stock of merchandise, and accordingly withdrew that defense from the consideration of the jury, and the only issue submitted was whether or not respondent

[1] Reported in 108 N. W. 817.

had misrepresented the value of the hotel property, and whether appellant relied upon such misrepresentations in entering into the contract for the exchange. The trial resulted in a verdict for respondent for the full amount.

The assignments of error which require any notice are based on the theory that whatever contract was entered into between respondent and appellant for exchange of property constituted an entire contract, and having been carried out only in part, and the note having been executed and delivered simply in contemplation that the entire agreement would be consummated, and appellant having failed to so complete the two trades, the consideration for the note failed.

The negotiations between the parties opened with a letter from respondent, of date August 21, 1903, in which he called appellant's attention to the fact that he had a hotel property valued at $20,000 to exchange for land, and that if a sale was made he expected one dollar per acre for his commission. This was followed by another letter on August 28, in which the hotel deal was again mentioned, and also stated that the writer had a stock of dry goods worth from $12,000 to $20,-000 to exchange for land, saying:

> But both deals has to be right now. If you want to look at them, telegraph me soon as you get this, and say in your telegram like this: "I will pay you one dollar per acre for any land sales or trades made through you when sales are completed."

After receipt of this letter the parties met, and visited New Ulm, September 15, 1903, to examine the property, and as a result of such examination, and on the same day, an agreement was entered into between the owner of the hotel, Schneider, and appellant, by which appellant agreed to deed to Schneider about eight hundred acres of land in the northern part of the state, subject to certain mortgages, and Schneider agreed to deed to appellant the hotel property subject to a certain mortgage. It appears that respondent conducted other trades for appellant, and September 22, 1903, the promissory note in question was executed and delivered, representing the amount then due for commission in negotiating the trade for the hotel.

We have carefully examined all the correspondence between the

parties, have diligently read the record and examined the pleadings with reference to the point made that the contract was an entirety, and are thoroughly satisfied there was absolutely no tangible evidence to support the proposition. Appellant testified that he did not want any trade unless both deals were consummated, but his testimony is indefinite and inconsistent with his conduct throughout the entire transaction. No such issue was raised in the answer. The letters do not indicate it, and the hotel deal was closed without dependence upon the other prospective trade. The evidence being conclusive that the note was executed as the commission for making the hotel trade, and that it was in no way dependent upon the consummation of the other deal, the court was correct in withdrawing that defense from the jury; no damages upon that ground having been pleaded or proven. No errors.

Order affirmed.